CITATION BY CERT MAIL                                              Page 1 of 2

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  AMERIMEX PROPERTIES, INC.
     REGISTERED AGENT,
     HECTOR LOPEZ
     9742 NORTH LOOP DRIVE
     EL PASO, TX. 79927

RECEIVED MAY 10 2013 by Hector Lopez 10:52

Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiffs ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND PRODUCTION at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 143RD DISTRICT COURT of Reeves County, Texas at the Courthouse of said County in Pecos, Texas.

Said Plaintiff's Petition was filed in said court by BILL WEINACHT, (attorney for Plaintiff or Plaintiff), whose address is P. O. BOX 170, PECOS, TX 79772-0170, on the 3rd day of May, 2013 in this case, numbered 13-05-20357-CVR on the docket of said court, and styled,

**CATHERINE DALE JABLONOWSKI AND MARNIE FREUND BEAMESDERFER**
**-VS-**
**EFREN HERRERA, A&A LOGISTICS, INC., & AMERIMEX PROPERTIES, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND PRODUCTION accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas on 6th day of May, 2013.

ATTEST: PAT TARIN, DISTRICT CLERK
143RD DISTRICT COURT
REEVES COUNTY, TEXAS

BY: _____
MISTY THOMAS, DEPUTY

ENTERED MAY 10 2013 Adm Recovery 11:00

CITATION BY MAIL

http://10.143.3.5/gsapdfs/1367845483804.PRINT.16563.55790.html                  5/6/2013

| | |
|---|---|
| **ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE** | **CERTIFICATE OF DELIVERY BY MAIL** |

Rule 106(a)(2) the citation shall be served by mailing to the Defendant AMERIMEX PROPERTIES, INC. by Certified Mail # 7012 3460 0000 5721 1803, Return Receipt Requested, a true copy of the Citation <u>PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND PRODUCTION.</u>

Sec. 17.027 Rules of Civil Practices and Remedies Code if prepared by Clerk of Court.

**PLACE THE GREEN RETURN RECEIPT HERE ON RETURN FROM THE POST OFFICE.**

I hereby certify that on the 6th day of May, 2013 at __4__ o'clock __P__.M., I mailed to AMERIMEX PROPERTIES, INC. REGISTERED AGENT HECTOR LOPEZ 9742 NORTH LOOP DRIVE EL PASO, TX. 79927 Defendant(s) by registered mail, with delivery restricted to Addressee Only, Return Receipt Requested, at the address stated above, a true copy of this citation with a copy of the Petition attached thereto.

PAT TARIN
DISTRICT CLERK
REEVES COUNTY, TEXAS
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

BY: _____
     MISTY THOMAS, DEPUTY

5.3.13 FILED 4:15pm
PAT TARIN
CLERK, DISTRICT COURT
REEVES COUNTY, TEXAS
BY: JRubio    DEPUTY

IN THE 143ʳᴰ JUDICIAL DISTRICT COURT

OF REEVES COUNTY, TEXAS

| | |
|---|---|
| CATHERINE DALE JABLONOWSKI and § <br> MARNIE FREUND BEAMESDERFER § <br> § <br> VS. § <br> § <br> EFREN HERRERA, A & A LOGISTICS, § <br> INC., and AMERIMEX PROPERTIES, INC.§ | CAUSE NO. 13-05-20,357-CVR |

### PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, CATHERINE DALE JABLONOWSKI and MARNIE FREUND BEAMESDERFER, Individually, and As Surviving Children and Heirs of the Estate of RONALD JULIUS FREUND, Deceased, complaining of EFREN HERRERA and A & A LOGISTICS, INC. and AMERIMEX PROPERTIES, INC., (hereafter referred to as 'Defendants'), and for cause of action under the wrongful death and survival statutes and other applicable laws of the State of Texas would show unto the Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs, CATHERINE DALE JABLONOWSKI and MARNIE FREUND BEAMESDERFER, Individually, and As Surviving Children and Heirs of the Estate of RONALD JULIUS FREUND, Deceased, allege that discovery is intended to be conducted under Level 3.

2.  This is a suit for personal injury damages in excess of $1,000,000.00 and exceeds the minimum jurisdictional limits of this Court.

### PARTIES AND SERVICE

3. Plaintiff, CATHERINE DALE JABLONOWSKI, brings this action Individually, and As Surviving Child and Heir of the Estate of RONALD JULIUS FREUND. Plaintiff resides in Santa Rosa, California.

4. Plaintiff, MARNIE FREUND BEAMESDERFER, brings this action Individually, and As Surviving Child and Heir of the Estate of RONALD JULIUS FREUND. Plaintiff resides in Saylorsburg, Pennsylvania.

5. Defendant, EFREN HERRERA, is an individual residing in El Paso, Texas and may be served with citation at 10281 North Loop Drive, El Paso, Texas 79927, by certified mail, return receipt requested.

6. Defendant, A & A LOGISTICS, INC. is a Texas Corporation and may be served with citation through their registered agent, Abel Rodriguez, 419 East Schuster #6, El Paso, Texas 79902, by certified mail, return receipt requested.

7. Defendant, AMERIMEX PROPERTIES, INC., is a Texas Corporation and may be served with citation through their registered agent, Hector Lopez, 9742 North Loop Drive, El Paso, Texas 79927, by certified mail, return receipt requested.

## VENUE

8. Venue is proper in the State District Court of Reeves County, Texas for the reason that the incident occurred in Reeves County, Texas.

## WRONGFUL DEATH

9. This action is brought in part under Tex. R. Civ. Prac. And Rem. Code §71.001-.001, commonly referred to as the "Wrongful Death Act".

## FACTS

10. Plaintiffs allege and would prove unto this Honorable Court that on or about

November 29, 2012, decedent, RONALD JULIUS FREUND, was traveling westbound on Interstate 20 near mile marker 14, in Reeves County, Texas, behind Defendant, EFREN HERRERA, when Defendant, EFREN HERRERA, who was driving a 2005 International Truck hauling a 2001 Great Dane, failed to negotiate the curve entering the center median and overcorrected right causing the vehicle to overturn onto the left side blocking both westbound lanes and causing Decedent, RONALD JULIUS FREUND, to strike the 2005 International Truck hauling a 2001 Great Dane. As a result of the negligent conduct of Defendant, EFREN HERRERA, and the resulting incident RONALD JULIUS FREUND was killed and Plaintiffs, CATHERINE DALE JABLONOWSKI and MARNIE FREUND BEAMESDERFER, have sustained substantial damages for the loss of their father.

## NEGLIGENCE

11.  The collision and Plaintiffs damages suffered by reason thereof were proximately caused by Defendant, EFREN HERRERA'S, negligent, careless and reckless disregard of duty which consisted of, but is not limited to the following acts and omissions:

   a.  In that Defendant failed to keep a proper lookout for Decedent's safety that would have been maintained by a person under the same or similar circumstances;

   b.  In that Defendant failed to drive in a single lane;

   c.  In that Defendant took faulty evasive action;

   d.  In that Defendant failed to negotiate a curve;

   e.  In that Defendant failed to drive in a safe and prudent manner; and

   f.  such other acts or omissions, constituting carelessness, negligence as may appear during the course of discovery procedures or which may be adduced at the trial of this case.

That each and all of the aforementioned negligent acts or omissions constituted a proximate cause of the collision and of the resulting damages to Plaintiffs and the resulting death of RONALD JULIUS FREUND. At the time of the occurrence in question and immediately prior thereto, Defendant, EFREN HERRERA was operating said vehicle within the course and scope of his agency and/or employment for A & A LOGISTICS, INC. and AMERIMEX PROPERTIES, INC. Plaintiff therefore invokes the doctrine of Respondeat Superior. Plaintiffs invoke the doctrine of Respondeat Superior against each Defendant.

## PROXIMATE CAUSE

12. Decedent, RONALD JULIUS FREUND died on November 29, 2012, as a proximate result of the incident and the injuries inflicted upon him by the negligence and carelessness of the Defendants', EFREN HERRERA and A & A LOGISTICS, INC. and AMERIMEX PROPERTIES, INC.; as described above.

13. Plaintiffs, CATHERINE DALE JABLONOWSKI and MARNIE FREUND BEAMESDERFER, who are the surviving children and heirs of Decedent, RONALD JULIUS FREUND, would show that this is a cause of action for all statutory and common law damages recoverable for the Wrongful Death of RONALD JULIUS FREUND Deceased, and is a cause of action brought by Plaintiffs, individually for all lawful damages suffered as a result of the incident.

## WRONGFUL DEATH DAMAGES

14. As a direct and proximate result of the incident of November 29, 2012, resulting in the death of her father, CATHERINE DALE JABLONOWSKI, has sustained pecuniary loss, past and future mental anguish, loss of affection, solace, comfort,

companionship, society, assistance, emotional support, love, and felicity. For these losses, CATHERINE DALE JABLONOWSKI seeks all lawful wrongful death damages in a sum in excess of the minimum jurisdictional limits of this court. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

15. As a direct and proximate result of the incident of November 29, 2012, resulting in the death of her father, MARNIE FREUND BEAMESDERFER, has sustained pecuniary loss, past and future mental anguish, loss of affection, solace, comfort, companionship, society, assistance, emotional support, love, and felicity. For these losses, MARNIE FREUND BEAMESDERFER seeks all lawful wrongful death damages in a sum in excess of the minimum jurisdictional limits of this court. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

16. Decedent's death resulted from Defendants' willful act or omission or from Defendants' gross negligence, which entitles CATHERINE DALE JABLONOWSKI and MARNIE FREUND BEAMESDERFER to exemplary damages. Plaintiffs are, therefore, entitled to recover exemplary damages from Defendants' in a sum in excess of the minimum jurisdictional limits of this court.

## CONDITIONS PRECEDENT

17. All conditions precedent to Plaintiffs right to recover herein and to Defendants' liability have been performed or have occurred.

## REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION

18. Pursuant to Rule 194, Defendants' are requested to disclose, within fifty (50) days

of service of this request, the information or material described in Rule 194.2 (a) through (l), and any and all photographs, videotape or motion films taken of the scene of the incident, or of any other equipment or object involved in the incident. Plaintiffs request that the documents be made available at the WEINACHT LAW FIRM, fifty (50) days from the date of service of this request.

## NOTICE UNDER RULE 193.7

19. Please be advised that under Rule 193.7 any document producing during discovery may be used against the Defendants' at any pre-trial proceeding and/or trial without necessity of authenticating the document. Plaintiffs object to all documents referenced by Defendants' as not being properly authenticated until such time as exhibits are exchanged (as proposed) to all examination and determination as to whether such objections will remain.

## DEMAND FOR JURY

20. Plaintiffs, CATHERINE DALE JABLONOWSKI and MARNIE FREUND BEAMESDERFER, demand a jury trial and tender the appropriate fee with this Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, CATHERINE DALE JABLONOWSKI and MARNIE FREUND BEAMESDERFER, respectfully pray that the Defendants' be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants' for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further

relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

THE WEINACHT LAW FIRM
P.O. BOX 170
PECOS, TEXAS 79772-0170
(432) 445-2013
(432) 445-5255 Fax

BY: _____
BILL WEINACHT
State Bar No. 21083900

ATTORNEY FOR PLAINTIFFS